## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **UNIVERSAL INSTITUTE, INC.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**THOMAS HUMPHRIES,** *et al.,*<br><br>**Defendants.** | **Case No. 21–cv–16066–ES–ESK**<br><br><br>**REPORT AND RECOMMENDATION, AND ORDER** |

**KIEL**, U.S.M.J.

**THIS MATTER** is before the Court on plaintiff's motion (Motion): (1) to remand this case, which was removed from the Superior Court of New Jersey (State Court), for lack of federal-question jurisdiction; and (2) for an award of costs and expenses (Award Of Costs) incurred by plaintiff due to the removal pursuant to 28 U.S.C. §1447(c).   (ECF No. 3.)   Defendants Thomas Humphries and Paula Humphries, as legal guardians of Juliette Humphries (Ward), opposed the Motion.   (ECF No. 4.)   Plaintiff filed a reply letter brief in further support of the Motion.   (ECF No. 5.)   For the following reasons, I recommend that: (1) the Motion to the extent that it seeks remand be granted; (2) the Motion to the extent that it seeks an Award Of Costs be denied; and (3) the case be remanded to State Court.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff, which operates a group home that "provides residential, rehabilitative care and related services for brain injured individuals," has provided services to the Ward since 2019.   (ECF No. 1-1 ¶¶2, 5.)   Plaintiff was generally reimbursed for the services it provided to the Ward through "a special Medicaid program known as the Traumatic Brain Injury Managed Long Term Services and Support program" (MLTSS).   (*Id.* ¶¶4, 6.)   Plaintiff alleges — and

defendants do not dispute — that "because [d]efendants did not submit the Medicaid redetermination papers … on time," the Ward's enrollment in MLTSS was terminated on March 1, 2020 and not fully restored until July 1, 2020.   (*Id.* ¶¶ 7, 8, 16, 17; *see also* ECF No. 4 p.9 (defendants arguing that a county welfare office terminated the benefits).)   As a result of that MLTSS enrollment gap, plaintiff argues that it is owed $41,773.50 by defendants for the services provided to the Ward during the four-month period.   (ECF No. 1-1 ¶ 18.)

In July 2021, plaintiff brought this case against defendants in State Court, wherein plaintiff alleges that defendants are now personally responsible for the payment of services rendered to the Ward from March 1, 2020 through June 30, 2020.   (*See generally* ECF No. 1-1.)   The four-count complaint, which is bereft of any allegations pursuant to federal law, seeks recovery for the following pursuant to state law: (1) "[t]he sum of $41,773.50 is presently due and owing"; (2) the Ward "owes [plaintiff] the sum of $41,773.50 on a book account"; (3) the Ward has "been unjustly enriched"; and (4) defendants have failed to pay for services "reasonably valued in an amount not less than $41,773.50."   (*Id.* ¶¶ 23, 25, 30, 35.)

In August 2021, defendants removed the case from State Court, and alleged that the Court possessed federal-question jurisdiction under 28 U.S.C. § 1331. (ECF No. 1.)   In doing so, defendants argued that plaintiff's claims implicate Title XIX of the Social Security Act, 42 U.S.C. § 1396, *et seq.*, known as the Medicaid Act, because issues concerning the Ward's rights under Medicaid and the MLTSS  must be addressed in this case.   (ECF No. 1.)[1]

On September 21, 2021, plaintiff filed the Motion, arguing that remand and an Award of Costs are warranted since this case presents a straightforward debt-collection matter under state law.   (ECF No. 3-1.)   Defendants filed their

---

[1] Defendants do not argue that diversity jurisdiction under 28 U.S.C. § 1332 provides an alternative basis for the removal of the case.

opposition on October 4, 2021, and argued that an analysis of the Medicaid Act and its regulations will be required based on plaintiff's allegedly aggressive billing practices, and thus a federal court can exercise subject-matter jurisdiction over the case.   (ECF No. 4.)   In further support of the Motion, plaintiff filed a reply letter brief on October 7, 2021.   (ECF No. 5.)   On May 20, 2022, the Motion was referred to me to issue a report and recommendation.[2]

## DISCUSSION AND ANALYSIS

### I.    REMAND

#### A.    The Law

Under the well-pleaded complaint rule, a plaintiff is "the master of the claim." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).   However, when a state cause of action is "'really' one of federal law," then the "federal cause of action completely preempts a state cause of action[, and] any complaint that comes within the scope of the federal cause of action necessarily 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 13, 24 (1983); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313–14 (2005) (holding that when a complaint alleges state claims only, federal jurisdiction may exist if a state claim either (a) is completely preempted by federal law, or (b) raises a substantial embedded federal issue that should be addressed by the federal courts).   Nonetheless, when a complaint does not assert a "right to relief [that is] necessarily depend[ent] on resolution of a substantial question of federal law" and seeks recovery pursuant to state law, it is well-settled that federal law does not "create[] the cause of action." *Franchise Tax Bd.*, 463 U.S. at 27–28.   Thus, the "mere presence of a federal issue in a state cause of

---

[2] I issued a text order on August 31, 2021 to alert the parties that the timeliness of the removal pursuant to 28 U.S.C. §1446(b)(1) was unclear.   (ECF No. 2.)   Plaintiff does not argue that the removal was untimely in support of the Motion, and thus the issue is deemed waived.

action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986).

The holding in *MHA LLC v. HealthFirst, Inc.*, 629 F.App'x 409 (3d Cir. 2015), is instructive for the resolution of the Motion.  In *HealthFirst*, a plaintiff hospital brought an action in state court to be fully reimbursed for medical services provided to certain Medicare and Medicaid enrollees against the defendant health insurer, which the insurer removed to federal court.  *Id.* at 410–11.  The hospital sought payment in the amount of $28.9 million, whereas the insurer paid only $2.5 million.  *Id.* at 411.  The Third Circuit Court of Appeals ultimately ordered the case to be remanded to state court.  *HealthFirst* held that it was not "necessary to construe federal law" for the dispute, because:

> These claims essentially require [the hospital] to show that it provided a service … for which it was not fairly compensated…. The fact that federal law may be informative of a market rate or … shape or even limit the remedy that [the hospital] may obtain … does not mean that federal law is a necessary component of the cause of action.

*Id.* at 413.

*HealthFirst* further held that the issue of whether Medicare and Medicaid regulations might be raised to demonstrate the extent of reimbursement owed to the hospital was "more properly characterized as a defense to the … state-law reimbursement claim rather than a required element of [the hospital's] claims." *Id.* (internal quotation marks and citations omitted).   In any event, *HealthFirst* held that the parties did not even dispute the meaning of any text contained in the relevant federal laws and regulations, and thus "any statutory interpretation required by this case is incidental to the application of Medicare and Medicaid law to disputed facts."  *Id.* at 414.

*HealthFirst* went on to observe that the action "does not call into question the validity of a federal statute or the conduct of a federal actor … [which would] present the unusually strong federal interest required to qualify for the federal

forum." *Id.* As a result, the Third Circuit held that "[a] state court is the appropriate forum for … [a] fact-bound and situation-specific case involving the application of Medicaid and Medicare laws." *Id.* (internal quotation marks and citation omitted). *HealthFirst* tellingly concluded the analysis by noting that "the fact that a regulatory scheme needs to be consulted to resolve a dispute is insufficient on its own to make a federal issue 'substantial.'" *Id.* at 415 n.7.

## B.    Remand Should Be Granted

Defendants' arguments in opposition to the Motion and in support of removal are unpersuasive. As a result, I recommend that the case be remanded to State Court. This case presents a debt-collection claim, wherein the extent of any recovery will be determined pursuant to state law, and there is simply no basis for the Court to exercise federal jurisdiction.

Contrary to defendants' arguments, the fact that the Ward is currently a Medicaid and MLTSS enrollee is of no moment. Similar to the dispute in *HealthFirst*, this dispute does not require an analysis of Medicaid regulations while plaintiff endeavors to be "fairly compensated" for its services to the Ward. *Id.* at 413. Defendants' characterization as to what is at stake in this case — "the Court [must] make one primary determination: which party is responsible to pay for [the Ward's] care at [plaintiff's facility], [the Ward] herself, or Medicare and Medicaid?" (ECF No. 1 pp. 1, 2) — is not accurate. The MLTSS program has already determined that the Ward's eligibility thereunder was not in effect from March 1, 2020 through June 30, 2020 due to defendants' undisputed failure to timely submit the necessary paperwork, and thus it must be determined whether plaintiff may recover from defendants for services rendered to the Ward during that time period. There are no substantial "embedded federal issues" here, as defendants do not argue that plaintiff played any role in the Ward's lack of eligibility during the relevant time period. *Grable*, 545 U.S. at 318. The State Court is completely capable of resolving this type of dispute. *See, e.g.,*

*Manahawkin Convalescent v. O'Neill*, 217 N.J. 99, 119–26 (2014) (addressing a dispute concerning the attempts by a medical provider to collect a balance due for services provided to a decedent Medicaid recipient from the decedent's daughter).

Furthermore, defendants' argument that plaintiff is seeking to collect the difference between the amount paid by Medicaid and plaintiff's customary fees, and that such "balance billing" conduct is prohibited and thus implicates federal law (ECF No. 4), is without merit.   Indeed, plaintiff alleges that the Ward was not an MLTSS beneficiary from March 1, 2020 through June 30, 2020, that the MLTSS program will be providing no payments for that time period due to the Ward's lack of eligibility, and that it seeks reimbursement from defendants.   In any event, to the extent that defendants' argument on this issue can be construed as a defense to plaintiff's state claims, it does not give rise to federal jurisdiction. *See HealthFirst*, 629 F.App'x at 413 (holding that defendant insurer's reliance on Medicare law for its defense "does not make federal law a 'necessary' part of [plaintiff hospital's] claim").

My recommended resolution of granting remand in this instance is consistent with similar rulings in other district courts.   *See, e.g., Greenbaum v. Clarksville Health Sys., G.P.*, No. 21-00030, 2021 WL 1816901, at *4 (M.D. Tenn. May 6, 2021) (remanding an action brought by patients attacking a medical provider's assertion of liens for treatment provided to those patients instead of first billing Medicare, because the claims "do not require the Court to resolve any disputed questions under the Medicare Act"); *Regents for Univ. of Calif. v. UnitedHealthcare Ins. Co.*, No. 12-00588, 2012 WL 4471416, at *2 (S.D. Cal. Sept. 25, 2012) (remanding an action brought by a hospital against an insurer over reimbursements where Medicare was the primary payer, because "resolution of Medicare issues [wa]s not required").

## II.    AWARD OF COSTS

Plaintiff, in objecting to the removal of the case from State Court, also seeks an Award of Costs incurred as a result of the removal.   (ECF No. 3-1 pp. 7, 8.) Under the relevant statute, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."   28 U.S.C. § 1447(c).   A district court has broad discretion over whether to require a defendant to reimburse a plaintiff for costs and expenses when that plaintiff prevails on a motion to remand a removed case.   *See Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).

Although I have recommended that the case be remanded, I recommend that plaintiff's request for an Award Of Costs be denied.   Defendants, who are the guardians of a disabled individual, provided a good faith argument for removal in a complicated area of law, and thus the removal was neither "frivolous" nor "lack[ing] a reasonable foundation."   *Ruiz v. Woodland Park OBGYN, LLC*, No. 15-08300, 2016 WL 158522, at *4 (D.N.J. Jan. 13, 2016) (remanding a case incorrectly removed based on references in a state claim to the Health Insurance Portability and Accountability Act, but denying an award of costs).   The Award Of Costs sought by plaintiff is not warranted under the circumstances.   *See Stern v. Baldwin*, No. 09-04167, 2010 WL 1142034, at *3 (D.N.J. Mar. 24, 2010) (remanding a case, but holding an award of costs was not justified "against Defendants for testing the *Grable* … contours").   While the Court disagrees with defendants' position as to remand, this position was not objectively unreasonable. Therefore, I recommend that the part of the Motion seeking an Award Of Costs be denied.

## RECOMMENDATION AND ORDER

I issue this report and recommendation based upon my review of the papers and without oral argument. *See* Fed.R.Civ.P. 78(b); *see also* L.Civ.R. 78.1(b). For the reasons stated above, it is:

1.  **RECOMMENDED** that the Motion (ECF No. 3) be **GRANTED** to the extent it seeks remand of the case to State Court.

2.  **RECOMMENDED** that the Motion (ECF No. 3) be **DENIED** to the extent it seeks an Award Of Costs.

3.  **RECOMMENDED** that the case be remanded to the Superior Court of New Jersey, Essex County.

4.  **ORDERED** that the Clerk of the Court terminate the Motion (ECF No. 4), pending the review of this report and recommendation.

5.  **ORDERED** that the Clerk of the Court activate this report and recommendation to indicate that it requires further action by the District Judge.

6.  **ORDERED** that the parties have 14 days to file any objections to this report and recommendation pursuant to Local Civil Rule 72.1(c)(2).


      */s/ Edward S. Kiel*

      EDWARD S. KIEL
      UNITED STATES MAGISTRATE JUDGE

Date:    June 28, 2022